Mary A. Dooley
vs. } P. A. No. 1308.
John E. Martin, Ex'r.

January 10, 1934.

CAPOTOSTO, J. The jury sustained an instrument dated May 2, 1930, as the last will of Thomas J. Powers. The contestant, a niece, moves for a new trial.

The testator, over 70 years of age, was a man who for years had entertained firm convictions in labor matters which were in conflict with the current economic practices of his day. This brought reactions and undoubtedly made him unwelcome in certain quarters. He frequently found himself unable to secure employment. Those who did not sympathize with his views apparently shunned him. Powers came to be considered as eccentric, or as a crank, or as a downright disturber. His circle of associates was consequently limited to those who agreed with his efforts in behalf of labor. He lived a lonesome life, receiving aid and comfort only from those who had become his friends.

According to his niece, she had not been to his home for over thirty years. She further said that this was at her uncle's request, as he preferred to do the visiting himself; that he had been to her city house not more than two or three times a year; and that, although she had invited him to her summer home, he had never visited her at Quonset. Without citing other details, it is evident that there was no appreciable contact between the testator and his niece.

On the other hand, John E. Martin, a friend of long standing and now the sole beneficiary under the will, had assisted Powers in a number of ways. He had given him employment as well as financial assistance when the testator found himself disregarded by employers who were annoyed by his activities.

Providing certain legal requirements exist, a man should be allowed to dispose of his property as he wishes. Too often love and affection, which have long been dormant or non-existent, flare into a monument of words after his death, especially when worldly considerations of an economic nature are in issue. A helping hand in life, be it but sympathetic toleration, is a far sounder investment than a prospective rosary upon one's grave.

In this particular case, it is quite clear that the testator preferred to associate with his friends rather than

with his niece and her family. It was his privilege to choose, and it is not our duty to say that he erred in so doing. There was evidence, both as to testamentary capacity and undue influence, to raise a question of fact, but there was no such positiveness of proof as to either issue to say that the jury should have found against the will. The testimony was open to different interpretations by equally reasonable and conscientious men. The testator may have been eccentric, even enfeebled in mind, perhaps embittered against the world, yet the jury might reasonably find, which in fact it did, that at the time he executed the instrument in question, Powers did possess testamentary capacity and was not actuated by any undue influence in the disposition of his meagre estate.

Motion for new trial denied.

For appellant: Quinn, Kernan & Quinn.

For appellee: Oreal Grossman.